**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

GLADYS GONZALEZ-
DOMINICCI,

        Plaintiff,

v.                                            Case No. 8:21-cv-2960-JRK

KILOLO KIJAKAZI,
Acting Commissioner of Social
Security,

        Defendant.

## **OPINION AND ORDER**[1]

### **I. Status**

Gladys Gonzalez-Dominicci ("Plaintiff") is appealing the Commissioner of the Social Security Administration's ("SSA('s)") final decision denying her claim for disability insurance benefits ("DIB"). Plaintiff's alleged inability to work is the result of depression, fibromyalgia, panic attacks, diabetes, high blood pressure, vertigo, cervical issues, blood condition, sleep apnea, migraines, incontinence, and "esophagus" issues. Transcript of Administrative Proceedings (Doc. No. 11; "Tr." or "administrative transcript"), filed February 17, 2022, at

---

[1] The parties consented to the exercise of jurisdiction by a United States Magistrate Judge. See Notice, Consent, and Reference of a Civil Action to a Magistrate Judge (Doc. No. 10), filed February 17, 2022; Reference Order (Doc. No. 14), entered February 18, 2022.

61, 70-71, 206, 216 (capitalization omitted). Plaintiff protectively filed an application for DIB on May 24, 2019, alleging a disability onset date of June 30, 2018.[2] Tr. at 175-79; see also Tr. at 89, 176. The application was denied initially, Tr. at 61-68, 69, 88, 91-95, and upon reconsideration, Tr. at 70-85, 87, 98, 99-106.

On January 14, 2021, an Administrative Law Judge ("ALJ") held a hearing,[3] during which she heard testimony from Plaintiff, who was represented by counsel, and a vocational expert ("VE"). See Tr. at 38-59. At the time of the hearing, Plaintiff was forty-eight (48) years old. Tr. at 43. On March 2, 2021, the ALJ issued a Decision finding Plaintiff not disabled through the date of the Decision. See Tr. at 20-32.

Thereafter, Plaintiff sought review of the Decision by the Appeals Council and submitted a brief in support. See Tr. at 9-10 (Appeals Council exhibit list and order), 169-72 (request for review), 299-301 (brief). On July 12, 2021, the Appeals Council denied Plaintiff's request for review, Tr. at 6-8, thereby making the ALJ's Decision the final decision of the Commissioner. On December 22,

---

[2] Although actually completed on October 1, 2019, see Tr. at 175, 176, the protective filing date for the DIB application is listed elsewhere in the administrative transcript as May 24, 2019, see, e.g., Tr. at 61, 70.

[3] The hearing was held via telephone with Plaintiff's consent because of extraordinary circumstances presented by the COVID-19 pandemic. Tr. at 20, 40. Also, because Plaintiff primarily speaks Spanish, an interpreter assisted with interpreting the hearing. Tr. at 40-41.

2021, Plaintiff commenced this action under 42 U.S.C. § 405(g) by timely[4] filing a Complaint (Doc. No. 1), seeking judicial review of the Commissioner's final decision.

On appeal, Plaintiff argues the ALJ "fail[ed] to consider all of [Plaintiff's] medically determinable impairments." Memorandum in Opposition to the Commissioner's Decision (Doc. No. 18; "Pl.'s Mem."), filed May 18, 2022, at 6. On July 15, 2022, Defendant filed a Memorandum in Support of the Commissioner's Decision (Doc. No. 19; "Def.'s Mem.") responding to Plaintiff's argument. After a thorough review of the entire record and consideration of the parties' respective arguments, the undersigned finds that the Commissioner's final decision is due to be reversed and remanded for consideration of the evidence relating to Plaintiff's alleged impairments of fibromyalgia, sleep apnea, vertigo, and migraine headaches.

## II.   The ALJ's Decision

When determining whether an individual is disabled,[5] an ALJ must follow the five-step sequential inquiry set forth in the Code of Federal

---

[4] Plaintiff sought and received an extension of time to file a civil action. Tr. at 1-4.

[5] "Disability" is defined in the Social Security Act as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

- 3 -

Regulations ("Regulations"), determining as appropriate whether the claimant (1) is currently employed or engaging in substantial gainful activity; (2) has a severe impairment; (3) has an impairment or combination of impairments that meets or medically equals one listed in the Regulations; (4) can perform past relevant work; and (5) retains the ability to perform any work in the national economy. 20 C.F.R. § 404.1520; see also Simon v. Comm'r, Soc. Sec. Admin., 7 F.4th 1094, 1101-02 (11th Cir. 2021) (citations omitted); Phillips v. Barnhart, 357 F.3d 1232, 1237 (11th Cir. 2004). The claimant bears the burden of persuasion through step four, and at step five, the burden shifts to the Commissioner. Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987).

Here, the ALJ followed the five-step inquiry. See Tr. at 22-32. At step one, the ALJ determined that Plaintiff "has not engaged in substantial gainful activity since June 30, 2018, the alleged onset date." Tr. at 22 (emphasis and citation omitted). At step two, the ALJ found that Plaintiff "has the following severe impairments: diabetes mellitus, peripheral neuropathy, depressi[on], bipolar, and related disorders, and anxiety and obsessive-compulsive disorder." Tr. at 22 (emphasis and citation omitted). At step three, the ALJ found that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 [C.F.R.] Part 404, Subpart P, Appendix 1." Tr. at 23 (emphasis and citation omitted).

The ALJ determined that Plaintiff has the following residual functional capacity ("RFC"):

> [Plaintiff can] perform medium work as defined in 20 CFR [§] 404.1567(c); except she is able to lift and/or carry fifty pounds occasionally and twenty-five pounds frequently; sit for six hours in an eight-hour workday; stand and/or walk for six hours in an eight-hour workday; handle, finger and feel frequently, bilaterally; climb ramps and stairs occasionally; never climb ladders, ropes, or scaffolds; balance frequently; stoop, kneel, crouch and crawl frequently; never work at unprotected heights or with moving mechanical parts; avoid concentrated exposure to working in/around vibration; and avoid hazards in the workplace (e.g., heights, heavy/moving machinery, etc.). Additionally, [Plaintiff] is able to perform simple, routine tasks; make simple work-related decisions; interact with supervisors, coworkers, and the general public frequently; and tolerate changes in the work setting.

Tr. at 24-25 (emphasis omitted).

At step four, the ALJ relied on the VE's hearing testimony and found that Plaintiff "is capable of performing past relevant work as a cleaner housekeeping." Tr. at 31 (some emphasis and citation omitted). The ALJ concluded Plaintiff "has not been under a disability . . . from June 30, 2018, through the date of th[e D]ecision." Tr. at 32 (emphasis and citation omitted).

### III.   Standard of Review

This Court reviews the Commissioner's final decision as to disability pursuant to 42 U.S.C. § 405(g). Although no deference is given to the ALJ's conclusions of law, findings of fact "are conclusive if . . . supported by 'substantial evidence.'" <u>Doughty v. Apfel</u>, 245 F.3d 1274, 1278 (11th Cir. 2001)

(citing Falge v. Apfel, 150 F.3d 1320, 1322 (11th Cir. 1998)). "Substantial evidence is something 'more than a mere scintilla, but less than a preponderance.'" Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005) (quoting Hale v. Bowen, 831 F.2d 1007, 1011 (11th Cir. 1987)). The substantial evidence standard is met when there is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Falge, 150 F.3d at 1322 (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)); see also Biestek v. Berryhill, 139 S.Ct. 1148, 1154 (2019); Samuels v. Acting Comm'r of Soc. Sec., 959 F.3d 1042, 1045 (11th Cir. 2020) (citation omitted). It is not for this Court to reweigh the evidence; rather, the entire record is reviewed to determine whether "the decision reached is reasonable and supported by substantial evidence." Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991) (citation omitted). The decision reached by the Commissioner must be affirmed if it is supported by substantial evidence—even if the evidence preponderates against the Commissioner's findings. Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158-59 (11th Cir. 2004) (per curiam).

## IV. Discussion

Plaintiff argues the ALJ erred in failing to address at step two whether her impairments of fibromyalgia, obstructive sleep apnea, postural vertigo, and migraine headaches are severe. Pl.'s Mem. at 6-8. Plaintiff goes on to assert that because the ALJ did not consider these impairments or their effects at later

steps in the sequential inquiry, the matter must be remanded for the ALJ to do so. Id. at 8. Responding, Defendant does not dispute that the ALJ failed to address these impairments. Def.'s Mem. at 6-12. Rather, Defendant argues Plaintiff did not meet her burden of showing at step two that any of these impairments are severe. Id. Further, Defendant contends the ultimate RFC assigned is supported by substantial evidence. Id.

Step two of the sequential evaluation process requires the ALJ to determine whether a claimant suffers from a severe impairment. See 20 C.F.R. § 404.1520(a)(4)(ii). At this step, "[a]n impairment can be considered as not severe only if it is a slight abnormality which has such a minimal effect on the individual that it would not be expected to interfere with the individual's ability to work[.]" Brady v. Heckler, 724 F.2d 914, 920 (11th Cir. 1984). "This step is a 'threshold inquiry' and 'allows only claims based on the most trivial impairments to be rejected." Schink v. Comm'r of Soc. Sec., 935 F.3d 1245, 1265 (11th Cir. 2019) (per curiam) (quoting McDaniel v. Bowen, 800 F.2d 1026, 1031 (11th Cir. 1986)).

"[T]he 'severity' of a medically ascertained disability must be measured in terms of its effect upon ability to work, and not simply in terms of deviation from purely medical standards of bodily perfection or normality." McCruter v. Bowen, 791 F.2d 1544, 1547 (11th Cir. 1986). In the context of a Social Security disability benefits case, a condition is severe if it affects a claimant's ability to

maintain employment. See id. A claimant has the burden of proving that impairments are severe. See Bowen, 482 U.S. at 146 n.5 (recognizing the claimant's burden of proof at step two to show "a medically severe impairment or combination of impairments"). Further, the impairment either "must have lasted or must be expected to last for a continuous period of at least 12 months." 20 C.F.R. § 404.1509; see also Walker v. Comm'r, Soc. Sec. Admin., 835 F. App'x 538, 542 (11th Cir. 2020) (unpublished).

A severe impairment interferes with a claimant's ability to perform "basic work activities." See Bowen, 482 U.S. at 141; Simon v. Comm'r, Soc. Sec. Admin., 7 F.4th 1094, 1101 (11th Cir. 2021) (citing 20 C.F.R. § 404.1520(c)). The Regulations provide six examples of "basic work activities": "(1) Physical functions such as walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling; (2) Capacities for seeing, hearing, and speaking; (3) Understanding, carrying out, and remembering simple instructions; (4) Use of judgment; (5) Responding appropriately to supervision, co-workers, and usual work situations; and (6) Dealing with changes in a routine work setting." 20 C.F.R. § 404.1522; see also Walker, 835 F. App'x at 541-52. "The finding of any severe impairment, based on either a single impairment or a combination of impairments, is enough to satisfy step two because once the ALJ proceeds beyond step two, he is required to consider the claimant's entire medical

condition, including impairments the ALJ determined were not severe." <u>Burgin v. Comm'r of Soc. Sec.</u>, 420 F. App'x 901, 902 (11th Cir. 2011) (unpublished).

Any error in identifying severe impairments at step two is harmless if "the ALJ considered all of [the] impairments in combination at later steps in the evaluation process." <u>Burgin</u>, 420 F. App'x at 903 (citation omitted); <u>see</u> <u>Schink</u>, 935 F.3d at 1268 (a step two error "could be harmless if the ALJ nevertheless proceeded in the sequential evaluation, duly considered [the claimant's] mental impairment when assessing his RFC, and reached conclusions about [the claimant's] mental capacities supported by substantial evidence"); <u>Heatly</u>, 382 F. App'x at 825 (stating that an "ALJ is required to demonstrate that [he or she] has considered all of the claimant's impairments, whether severe or not, in combination"); <u>Bowen v. Heckler</u>, 748 F.2d 629, 635 (11th Cir. 1984) (finding that an ALJ must make "specific and well-articulated findings as to the effect of the combination of impairments").

The RFC assessment "is the most [a claimant] can still do despite [his or her] limitations." 20 C.F.R. § 404.1545(a)(1). It is used at step four to determine whether a claimant can return to his or her past relevant work, and if necessary, it is also used at step five to determine whether the claimant can perform any other work that exists in significant numbers in the national economy. 20 C.F.R. § 404.1545(a)(5). In assessing a claimant's RFC, the ALJ "must consider limitations and restrictions imposed by all of an individual's impairments, even

those that are not 'severe.'" SSR 96-8P, 1996 WL 374184 at *5; see also Pupo v. Comm'r, Soc. Sec. Admin., 17 F.4th 1054, 1064 (11th Cir. 2021) (citing Schink, 935 F.3d at 1268); Swindle v. Sullivan, 914 F.2d 222, 226 (11th Cir. 1990) (stating that "the ALJ must consider a claimant's impairments in combination") (citing 20 C.F.R. § 404.1545; Reeves v. Heckler, 734 F.2d 519, 525 (11th Cir. 1984)).

Here, the Decision makes clear the ALJ was not aware that Plaintiff alleged disability based upon the impairments at issue. The ALJ wrote that Plaintiff claimed disability based upon "depression, panic attacks, and diabetes." Tr. at 25 (citation omitted). Plaintiff, however, had also alleged early in the administrative process that she had fibromyalgia, sleep apnea, vertigo, and migraine headaches. See Tr. at 61, 70-71, 206, 216 (capitalization omitted).

In making the step two findings, the ALJ did not recognize the impairments at issue or address whether they are severe. See Tr. at 22-23. Nor did the ALJ discuss these impairments elsewhere in the Decision,[6] despite the medical evidence documenting diagnoses of and/or observations and testing tending to suggest they exist. Compare Tr. at 25-31 (relevant portion of Decision), with Tr. at 303-942 (medical evidence). The ALJ's election not to discuss or assign any work-related limitations in the RFC based upon these

---

[6] The ALJ did refer to an allegation of headaches in relation to Plaintiff's non-compliance with medications. Tr. at 27.

- 10 -

impairments cannot be upheld as supported by substantial evidence. Defendant devotes her memorandum to arguing why Plaintiff did not allegedly meet a burden to show these impairments are severe, Def.'s Mem. at 6-13, but these matters have to be addressed in the first instance by the Administration. The matter must be reversed and remanded for consideration of Plaintiff's alleged impairments of fibromyalgia, sleep apnea, vertigo, and migraine headaches.

### V.  Conclusion

In light of the foregoing, it is

**ORDERED**:

1. The Clerk of Court is directed to enter judgment pursuant to sentence four of 42 U.S.C. § 405(g), **REVERSING** the Commissioner's final decision and **REMANDING** this matter with the following instructions:

(A) Consider the evidence relating to Plaintiff's alleged impairments of fibromyalgia, sleep apnea, vertigo, and migraine headaches; and

(B) Take such other action as may be necessary to resolve this claim properly.

2. The Clerk is further directed to close the file.

**DONE AND ORDERED** in Jacksonville, Florida on March 22, 2023.

*James R. Klindt*
JAMES R. KLINDT
United States Magistrate Judge

kaw
Copies to:
Counsel of Record